UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CHAUNCEY MOORE,
    *Plaintiff*,

v.

CITY OF NORWALK, *et al.*,
    *Defendants*.

No. 3:17-cv-00695 (JAM)

## ORDER DENYING MOTION TO WITHDRAW

This is a case that principally involves a claim of excessive force by police officers in Norwalk, Connecticut. Plaintiff Chauncey Moore contends that in April 2014 police officers from the City of Norwalk brutally beat him, subjected him to racial slurs, and forced him to have his stomach pumped on a pointless pretense that he had swallowed illegal drugs.

Plaintiff filed his complaint *pro se*. The federal court's docket features many cases with *pro se* plaintiffs. Many of these plaintiffs ask for the appointment counsel. I rarely grant these requests, but this is one of those rare cases that I believe an appointment of counsel to be warranted.

I directed the appointment of counsel for plaintiff in accordance with Rule 83.10 of the District of Connecticut's local civil rules. That rule provides for the random assignment of an attorney who has been admitted to practice before this Court to represent a *pro se* plaintiff if "the judge determines that the appointment will serve the interests of justice based upon factors such as (a) a party's apparent ability or inability to afford legal counsel, (b) the likelihood that counsel may be secured under alternative fee arrangements, and (c) the apparent merit of the party's claims or defenses." D. Conn. L. Civ. R. 83.10(c)(1); *see also Hendricks v. Coughlin*, 114 F.3d

1

390, 392-93 (2d Cir. 1997) (discussing factors for court to consider when deciding whether to grant motion for appointment of counsel).

If I grant the appointment of counsel, I count on the integrity and good faith of appointed counsel not to try to evade the appointment or to try to mislead me about their lack of ability to assume the representation. Indeed, the appointment rule provides that "motions for relief from appointment are disfavored, as the Court views the acceptance of *pro bono* assignments from time to time as a professional responsibility of the attorneys who are members of its Bar." *Id.*, 83.10(g). The rule further states that the Court is "unlikely" to grant relief from an appointment "on the ground that counsel lacks experience in the area of law involved in the case," because "in the Court's experience, even an attorney who is inexperienced or unfamiliar with the subject matter can provide valuable assistance to an unrepresented person." *Ibid.* Moreover, the rule provides that the Court is "unlikely" to grant relief from an appointment "on the grounds that the appointment would be burdensome or interfere with counsel's other professional obligations where the Court can fashion a case schedule that reasonably mitigates such difficulties." *Ibid.*

In accordance with Rule 83.10, the Court randomly appointed attorney Jonathan P. Budlong to represent plaintiff in this case. Attorney Budlong has now filed a motion to withdraw his appointment. According to Attorney Budlong, he has ethical doubts that he is competent to represent plaintiff because of his lack of familiarity with the relevant law and procedures at issue in this case. Doc. #45 at 1-2 (citing Conn. R. Prof. Cond. 1.1 & 6.2).

I do not agree. Attorney Budlong's webpage provides that he has 18 years of practice as a lawyer, that he is a name partner of his law firm, and that he "concentrates his practice on family matters ... as well as, <u>criminal</u>, probate, juvenile, <u>and general civil litigation matters</u>." *See* Budlong & Budlong, LLC – Attorneys / Jonathan P. Budlong (emphasis added), available at

http://www.bblawfirm.com/_attorneys/jpb.html (last accessed February 21, 2018). In view of Attorney Budlong's many years of litigation experience and the fact that he holds himself out to the public as fully capable of handling criminal matters and general civil litigation matters, the Court does not share Attorney Budlong's concern that he lacks the basic competence to represent a plaintiff who claims that he was subject to the use of excessive force by the police.

For that matter, the ethics rules themselves do not suggest that a lawyer is incompetent to represent a client merely because he or she has not handled this specific type of matter before. The commentary to Rule 1.1 states in relevant part that "[a] lawyer need not necessarily have special training or prior experience to handle legal problems of a type with which the lawyer is unfamiliar," that "[s]ome important legal skills, such as the analysis of precedent, the evaluation of evidence and legal drafting, are required in all legal problems," and that "[a] lawyer can provide adequate representation in a wholly novel field through necessary study." Conn. R. Prof. Cond. 1.1 cmt. In light of all this, I am confident that if Attorney Budlong applies himself with reasonable diligence to his representation of plaintiff—just as he would for any fee-paying client—that he will steer well clear of any ethical challenges based on his lack of competence.

Attorney Budlong claims that he is "inexperienced in the matters presently before the Court" and that his "sole federal case since he was admitted to the federal Court in 2005 was a matter that derived completely from post-judgment issues in a Connecticut divorce case, primarily regarding the proper disposition of life insurance proceeds pursuant to the parties' marital dissolution judgment." Doc. #45 at 2. This claim is not true. The Court's docket records reflect Attorney Budlong's appearance as counsel in three federal cases. *See Massachusetts Mutual Life Ins. Co. v. Hodkin*, 3:15-cv-00706 (RNC); *Hodkin v. Massachusetts Mutual Life Ins. Co.*, 3:15-cv-00393 (MPS); *Richardson v. Orlowski*, 3:08-cv-01856 (MRK).

Moreover, one of those cases—not mentioned by Attorney Budlong in his motion—involved a claim against the police for the use of excessive force—the *same* subject matter for which Attorney Budlong now claims he is incompetent to represent plaintiff in this action. *See Richardson v. Orlowski*, 3:08-cv-01856 (JBA); *see also Richardson v. Orlowski*, 2010 WL 2825703 (D. Conn. 2010) (order denying summary judgment). Although the docket entries suggest that the matter was principally handled by other attorneys from Attorney Budlong's law firm, the docket shows Attorney Budlong's substantial involvement including his filing of a notice of appearance (Doc. #15), a motion to expedite discovery along with a supporting memorandum of law (Doc. #20), a motion to withdraw claims against certain defendants (Doc. #56), and the filing of an amended complaint that Attorney Budlong personally signed (Doc. #57).

It is hard to square Attorney Budlong's present claim of incompetence and inexperience with what he tells the public and with his prior participation in a federal case like plaintiff's involving the alleged use of excessive force by the police. The motion to withdraw (Doc. #45) is DENIED.

It is so ordered.

Dated at New Haven this 21st day of February 2018.

                                            /s/ *Jeffrey Alker Meyer*
                                            Jeffrey Alker Meyer
                                            United States District Judge