Dear Clerk, 7-29-2018

Enclosed is a "Motion For The Court's Intervenance". I have court appointed counsel that is not honoring my requests to file motions on my behalf.

I need the Court's Intervenance so the judge may conduct a teleconference with my attorney and resolve my concerns.

I understand the rules regarding having my attorney file on my behalf. This is why I am informing you about my motion. This motion is for the judge to conduct a conference w/ my attorney in order to settle our issues. This is a civil case.

Sincerely,

Chauncey Moore

Please - Thank You

★ Note: I filed this complaint in this matter as a pro se prisoner.

Please file to the judge. If you read it you'll understand.

FILED 2018 AUG -2 P 2: 57 U.S. DISTRICT COURT NEW HAVEN CT

(1)

# UNITED STATES DISTRICT COURT
## District of Connecticut

| | |
|---|---|
| CHAUNCEY MOORE,<br>Plaintiff | Case No. 3:17-cv-00695-JAM |
| vs. | July 29, 2018 |
| CITY OF NORWALK et al,<br>Defendants. | |

## MOTION FOR THE COURT'S INTERVENANCE: BETWEEN PLAINTIFF AND HIS COUNSEL

Plaintiff respectfully requests that the Court intervene and assist plaintiff in his attempts to order: that Mr. Budlong, plaintiff's court appointed attorney, file a "motion for a teleconference" with the Court; in order for him to relay the plaintiff's concerns in relation to the pending "Motion to Dismiss" filed by the defendants.

Mr. Budlong, after ~~[scribbled out]~~ replacing attorney Christopher LaTronica, plaintiff's initial court appointed counsel whom is no longer employed with the Law Offices of Pattis and Smith, filed memoranda (DOC #51) on plaintiff's behalf, had oral argument soon thereafter, without first making an initial appearance and/or having any discussions whatsoever with plaintiff beforehand. Additionally, neither did he send the plaintiff correspondance via U.S. mail prior to the above mentioned.

Therefore, plaintiff never knew of the defendants' "Supplemental Motion To Dismiss" prior to Mr. Budlong's responses to it.

(2)

In Mr. Budlong's defense, plaintiff was not at the time residing in any Connecticut prisons at the time of his appointment to plaintiff's case. Plaintiff was in transit, traveling within at least three states, between November 10, 2017 through March 1, 2018. (four different prisons)

Plaintiff, after receiving caselaw argued by Mr. Budlong, via U.S. mail on 7-20-2018, has finally had an opportunity to analyze and familiarize himself with "statute of limitations" and "relation back" under Rule 15(c) and it's requirements under it's counterpart Rule 4(m). Additionally, plaintiff was allowed to have access to the law library today. (plaintiff is allowed to utilize law library about one hour every three to four weeks since March 1, 2018. Plaintiff has been placed in "restricted housing unit" since March 1, 2018 and will be until his August 2018 release to a halfway house.)

Plaintiff, after finally reading both defendants' "Supplemental MOTIONS TO DISMISS" and "Plaintiff's Response" by Mr. Budlong, after receiving them a week apart, and after oral argument was conducted, was furious.

Plaintiff's main concern is the fact that he made several attempts to obtain the identies of the officers involved with his arrest and seizure several months prior to filing his initial complaint. He wrote Norwalk's Police Department requesting the reports in the begining of January 2017, February 2017, and in March 2017. It was not until July or August that Norwalk forwarded the reports containing only two of the names of the five officers involved. Additionally, in his Febuary and his March letters requesting the reports, plaintiff stated in these letters that he "urgently need the police reports

(3)

in order to obtain the identities of the officers involved for near future civil purposes against them". This is why Norwalk waited to after the expiration of statutes of limitations to send partial compliance, and why they made attorney LaTronica obtain them by other means.

★ Note: The statute of limitations expired April 26, 2017. Plaintiff has filed a complaint with the Court previously which named defendants as John Doe's, in Moore v. Bouffard et al., and the Court (Your Honor) ordered plaintiff to amend naming the Doe officers (complaint filed one month prior to the expiration of the statutes of limitations of 3 years). In that case, the amended complaint was filed a year later.

Therefore, plaintiff already knew that the Court was gonna order that he obtain the names of the Norwalk officers so he made several attempts to do so but, Norwalk did not respond in a timely manner, forcing plaintiff to file using Doe defendants until Norwalk forwarded reports. Had Norwalk responded in a timely manner, plaintiff would have ample opportunity to file his original complaint well before the expiration of limitations, using the proper names to the proper defendants.

Though plaintiff was forced to substitute John Doe's as the defendants' names, he would like the Court to know that he thought it was allowed or required to do so until he could amend his complaint properly naming defendants, as it was allowed without any issues in his previous suit in Moore v. Bouffard, filed thirteen months before this suit in Moore v. City of Norwalk et al..

Plaintiff therefore would like to add that: The Supreme Court in Krupski at 560 U.S. 538, 549 (2010) (defines "mistake" as "an error, misconception, or misunderstanding; an

(4)

erroneous belief... misunderstanding of the meaning or implication of something; a wrong action or statement proceeding from faulty judgment, inadequate knowledge... a state of mind not in accordance with the facts";)

Plaintiff's action, in substituting John Doe's as defendants thinking that it is allowed or required to do so by federal courts, could easily qualify as a "mistake" as defined by Krupski. Plaintiff, using John Doe's as substitutes, thinking it's okay to do so, is "a wrong action proceeding from faulty judgement"; "an error"; a wrong action proceeding from "inadequate knowledge"; "a state of mind not in accordance with the facts"; etc.. Krupski at id. ("concerning the proper parties identity

The defendants had or should have had "constructive notice". Plaintiff's letters requesting reports from Norwalk contained information stating that he needed the reports in order to obtain the identities of the officers involved with his arrest and seizure for civil purposes against them; attorney LaTronica, in his attempts in obtaining thus reports also informed Norwalk that he was my attorney in a civil suit recently filed against them, he needed thus reports for the civil action lodged against them for identity purposes. This was during Rule 4m.

As noted by Mr. Budlong, "Here, like in Archibald, the plaintiff made diligent efforts to obtain the defendants identities and complied with all court deadlines, and the defendants should not benefit from their own actions that delayed that process". Doc 51 at 3-4; See also, Archibald at 381-82 ("The Court agrees with Byrd court that under these circumstances, a plaintiff should not be barred from naming a new defendant on the basis that the statute of limitations has already run, since to hold otherwise would allow [defendants] to eliminate

(5)

claims against any John Doe defendant merely by resisting[] requests until the statute of limitations has ended".) (Quoting Byrd v. Abate, 964 F.Supp. 140, 146 (S.D.N.Y. 1997)).

Finally, "[U]nder federal law... if the court borrows a statute of limitations, relation back is to be determined by whichever procedural rule gives the most favorable result to the plaintiff". Archibald, at FN3 (Quoting Pape v. Bd. of Educ. of the Wappingers Cent. Shc. Dist., 2009 US Dist LEXIS 91738, at 41 (S.D.N.Y. 2009)); see also, Lawhorn v. Algarin, 2018 U.S. Dist LEXIS 30529 (W.D.NY. 2018) ("Under Rule 4(m) 'if a defendant is not served within 90 days after [the filing of a complaint] the court-on motion or on it's own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specific time... However, if the plaintiff shows good cause for the failure, the court must extend the time for service... the time limit for service of process pursuant to Rule 4(m) is tolled)During a case of a pro se prisoner whom files a complaint, granted to proceed in forma pauperis, service of process is the U.S. Marshall's responsibility, and thus tolls the limitations period. See Pendleton v. Goord, 849 F.Supp.2d 324, 330, FN6 (EDNY 2012) Mchon v. Namani, 2016 US Dist LEXIS 16297 (SDNY 2016); Robinson v. Clipse, 602 F.3d. 605, 608 (3d Cir 2010).

Therefore, plaintiff respectfully requests that the Court intervene and schedule a telephonic conference with his counsel (and defendants counsel) and address any issues the Court may have in relation to counsel for plaintiff not gathering

(6)

sufficient facts necessary in preparing an adequate defense to incorporate in memoranda in response to the defendants' "Supplemental Motion To Dismiss".

Furthermore, plaintiff respectfully requests that his asserted facts herein, which should have been afforded opportunity to be incorporated in any memoranda or oral argument made by attorney Budlong on his behalf, in response to the defendants' currently pending "Motion To Dismiss", be tooken into consideration by the Court. (In the name of Justice)

It may be noteworthy to add that plaintiff has no ill will against attorney Budlong, and he is truly looking forward in meeting, conversing, and developing a great attorney-client relationship with Mr. Budlong. Plaintiff truly understands that it was timing and circumstances which prevented an initial appearance, communications, and correspondance.

I hereby Certify that the foregoing is true to the best of my Knowledge. The facts herein stated are true. By Chauncey Moore - *Chauncey Moore*
McKean F.C.I.
P.O. Box 8000
Bradford, PA, 16701

June 29, 2018

*Note: Letters sent to Norwalk P.D. were actually F.O.I. requests. These may be documented. The reports sent by Norwalk providing 2 names, are documented date received.