UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CHAUNCEY MOORE,
    *Plaintiff*,

v.

CITY OF NORWALK, *et al.*,
    *Defendants*.

No. 3:17-cv-695 (JAM)

**ORDER GRANTING MOTION TO DISMISS**

Plaintiff Chauncey Moore alleges that police officers from the City of Norwalk, Connecticut unlawfully stopped him, beat him up, and then forced him to have his stomach pumped in search of illegal drugs. But Moore waited more than three years before naming any of the police officers who allegedly abused him. Because the statute of limitations expired for his federal civil rights claims, I will dismiss his claims against the individual police officer defendants. I will otherwise dismiss his federal claims against the City of Norwalk on the ground that he has not alleged facts that give rise to a plausible claim for relief against the City. Accordingly, I will grant defendants' motion to dismiss the complaint without prejudice to Moore's right to seek relief on his state law claims in state court.

**BACKGROUND**

The following facts are set forth as alleged by Moore in the amended complaint. Doc. #16. On April 26, 2014, Moore was walking on a sidewalk in the City of Norwalk when he was stopped without reason by two Norwalk police officers. When they attempted to handcuff him, he ran but he was caught and thrown to the ground. More police officers joined in. The officers used a taser to stun Moore four different times. They also uttered racial slurs and kicked him and stomped on him. Then they put Moore in a police vehicle to go to the hospital. During the ride in

the police vehicle, he was intentionally slammed into the divider separating the front and back of the vehicle. At the hospital his stomach was pumped in a fruitless search for drugs. Moore suffered numerous physical and psychological injuries from this traumatic encounter with the police.

Moore waited almost three years to file this federal court action. He gave his *pro se* complaint to prison officials on April 23, 2017, just three days before the statute of limitations would expire for his federal civil rights claims pursuant to 42 U.S.C. § 1983. *See Lounsbury v. Jeffries*, 25 F.3d 131, 133–34 (2d Cir. 1994). His initial complaint did not identify any of the police officers by name. Instead, it alleged claims against the City of Norwalk and six anonymous "John Doe" police officer defendants. Doc. #1.

On June 15, 2017, I issued an initial review order pursuant to 28 U.S.C. § 1915A dismissing Moore's claim against the City of Norwalk but allowing his "John Doe" claims to proceed and specifying that he must identify the "John Doe" defendants by name by August 15, 2017. Doc. #7.[1] On June 26, 2017, I granted Moore's motion to appoint *pro bono* counsel, and counsel was appointed on August 21, 2017. Docs. #9, #13.

In the meantime, on August 11, 2017, Moore filed a "Motion for Extension of Time to Identify John Doe Defendants." Doc. #10. The motion stated in part that Moore was "successful" in identifying two of the "John Doe" defendants but that Moore had "made no further attempt to obtain the rest of the Doe defendant's identities because plaintiff anticipated and assumed that Court appointed counsel would have contacted him prior to the deadline of time in which to

---

[1] At the time that I ordered Moore in my initial review order to promptly identify any "John Doe" defendants by name, there was no occasion for me to consider whether the statute of limitations would foreclose Moore from proceeding against individual defendants. The application of the statute of limitations is an affirmative defense that is not ordinarily raised and resolved *sua sponte* by a court when issuing an initial review order pursuant to 28 U.S.C. § 1915A and prior to defendants having yet been served with the complaint.

identify/amend [the] complaint (August 15, 2017)," and that "[p]laintiff was thinking court appointed counsel would have identities of the Doe defendants by now." *Id.* at 1.

I granted an extension of time to file an amended complaint. Doc. #15. On November 21, 2017, Moore through his appointed counsel filed an amended complaint that named the City of Norwalk and each of the defendant police officers by name. Doc. #16.

The amended complaint alleges several federal civil rights claims pursuant to 42 U.S.C. § 1983 for an unlawful stop by the police, use of excessive force, an unlawful search of his body at the hospital, and a conspiracy to violate his civil rights. The complaint also alleges claims for municipal liability against the City of Norwalk. Lastly, the complaint alleges state law claims for assault and battery as well as for infliction of emotional distress.

Defendants have moved to dismiss. They argue in principal part that Moore's federal claims against the individual officers are time-barred because he failed to name them within the three-year statute of limitations, and they argue that Moore's claims against the City do not state plausible grounds for relief.

## DISCUSSION

The background principles governing a Rule 12(b)(6) motion to dismiss are well established. The Court must accept as true all factual matters alleged in a complaint, although a complaint may not survive unless the facts it recites are enough to state plausible grounds for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014). This "plausibility" requirement is "not akin to a probability requirement," but it "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Because a court should focus on what facts a complaint alleges, a court is "not bound to accept as true a legal conclusion couched as a factual allegation"

or "to accept as true allegations that are wholly conclusory." *Krys v. Pigott*, 749 F.3d 117, 128 (2d Cir. 2014). In short, the Court's role is to determine if the complaint—apart from any of its conclusory allegations—alleges enough facts to state a plausible claim for relief.

### *Claims against individual officers*

Moore does not dispute that he did not name any of the individual defendant police officers by name until the filing of his amended complaint in November 2017, which was more than six months after the three-year statute of limitations for his § 1983 claims had expired. According to Moore, however, his later substitution of the real names of the police officers should be deemed to "relate back" to the date that his initial complaint was filed. I do not agree.

The general rule is that "John Doe pleadings cannot be used to circumvent statutes of limitations because replacing a John Doe with a named party in effect constitutes a change in the party sued." *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013) (internal quotations omitted). The only exception to this rule is outlined in Rule 15 of the Federal Rules of Civil Procedure, which specifies when an amendment to a complaint may "relate back" to the date of the original pleading. Rule 15 states in relevant part that if an amendment "changes the party or the naming of the party against whom a claim is asserted," then the amendment relates back to the date of the original pleading only if the newly named party "(i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1).

As the words of this rule make clear, there can be no relation back absent a "mistake" about the party's identity. The Second Circuit in turn has held that "the lack of knowledge of a John Doe defendant's name does not constitute a 'mistake of identity'" to allow relation back

under Rule 15. *Hogan*, 738 F.3d at 518 (quoting *Barrow v. Wethersfield Police Dept.*, 66 F.3d 466, 470 (2d Cir. 1995)). "'[T]he failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake.'" *Id.* at 518 (quoting *Barrow*, 66 F.3d at 470); *see also Scott v. Vill. of Spring Valley*, 577 F. App'x 81, 82 (2d Cir. 2014) (same).[2] Therefore, it is clear that Rule 15 does not apply here to salvage any of Moore's claims against the individual defendant police officers.

Nor is there any basis for equitable tolling of the limitations period. A statute of limitations may be equitably tolled if a plaintiff shows that extraordinary circumstances prevented his filing of a timely complaint and that plaintiff pursued his rights with reasonable diligence throughout the time period that he seeks to have tolled. *See Menominee Indian Tribe of Wisconsin v. United States*, 136 S. Ct. 750, 755 (2016); *Martinez v. Superintendent of E. Corr. Facility*, 806 F.3d 27, 31 (2d Cir. 2015). Although Moore made efforts *after* he filed the initial complaint to learn the names of the police officer defendants, nothing shows that Moore diligently tried to identify the "John Doe" defendants *before* he filed his initial complaint, much less that the City of Norwalk or any of the individual defendant officers delayed or impeded his efforts to do so prior to the date that the three-year limitations period expired. *See Balle v. Nueces Cty., Texas*, 690 F. App'x 847, 851 (5th Cir. 2017) (declining to apply equitable tolling where plaintiff's "inability to determine the identities of the Jane Does before the limitations period had run was attributable to his own decision to file his suit so close to the end of the limitations period" and where plaintiff "filed his original complaint only a few days before the limitations period had run"); *compare Byrd v. Abate*, 964 F. Supp. 140, 145-46 (S.D.N.Y. 1997)

---

[2] Although *Hogan* and *Barrow* applied a prior version of Rule 15, the later revision to the rule's "relation back" provision was "intended to be stylistic only" and has not altered the rule's meaning in any material way. Fed. R. Civ. P. 15 advisory committee note (2007 amendment*); see also Morel v. DaimlerChrysler AG*, 565 F.3d 20, 26 n.3 (1st Cir. 2009) (same).

5

(allowing relation-back for claims against individual police officer defendants where plaintiff's counsel "requested [identification] information prior to the end of the limitations period, but Corporation Counsel did not comply until after the limitations period had run").

Moore further argues that "notice to Norwalk should constitute constructive notice to the 'John Doe' defendants, who were employed by Norwalk and readily identifiable in the police reports of Mr. Moore's incident that were in Norwalk's possession and control." Doc. #51 at 3 n.1; *see also Scott*, 577 F. App'x at 82 (discussing application of "the constructive notice doctrine, [by which] a court may impute knowledge to a defendant or set of defendants because they have the same attorney(s) when there is some showing that the attorney(s) knew that the additional defendants would be added to the existing suit") (internal quotation marks omitted). But Moore has no valid constructive notice argument here, because the docket shows that the City of Norwalk was not even served with the complaint until December 2017 (Doc. #18), long after the statute of limitations had already expired.

### *Claims against City of Norwalk*

The amended complaint alleges a so-called *Monell* claim for § 1983 liability against the City of Norwalk. Under *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658 (1978), a municipality is not liable in *respondeat superior* for the unconstitutional actions of its employees. Instead, *Monell* provides that a municipality may be liable only if an officer's violation of a plaintiff's constitutional rights was caused by a municipal policy, practice, or custom, or if it was caused by a municipality's deliberate indifference and inaction in light of a history of prior similar constitutional deprivations by municipal officers. *See Outlaw v. City of Hartford*, 884 F.3d 351, 372 (2d Cir. 2018) (describing scope and limitations of municipal *Monell* liability).

Despite the fact that I previously granted Moore leave to amend his complaint to allege a proper *Monell* claim (Doc. #7 at 8, 10), the amended complaint alleges a *Monell* claim in the most conclusory of terms. It alleges simply that the acts of the individual officer defendants were "carried out … pursuant to the customs, policies, usage, practices, procedures, and rules" of the City of Norwalk and that these "customs, policies, usages, practices, procedures, and rules … constituted a deliberate indifference to the safety, well-being, and constitutional rights" of Moore. Doc. #16 at 9-10 (¶¶ 110-11). The complaint is bereft of any more detail about the nature of any suspect policies, practices, or procedures, much less how they caused the individual defendants to violate Moore's rights. Accordingly, the complaint fails to allege facts—apart from legal conclusions—that give rise to plausible grounds for *Monell* liability against the City of Norwalk. *See Allen v. Antal*, 665 F. App'x 9, 14 (2d Cir. 2016) (affirming dismissal of conclusory *Monell* claim); *Adams v. City of New Haven*, 2015 WL 1566177 (D. Conn. 2015) (dismissing conclusory *Monell* claim).

The amended complaint also alleges in equally conclusory terms that the City of Norwalk conspired with its officers to violate Moore's constitutional rights. "A complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." *Allen*, 665 Fed. App'x at 14 (quoting *Leon v. Murphy*, 988 F.2d 303, 311 (2d Cir. 1993)). Moreover, a plaintiff may not end-run the limitations *Monell* places on municipal liability simply by pleading that a municipality has "conspired" with its individual officers to violate a plaintiff's constitutional rights. In addition, any conspiracy claim against the City of Norwalk is precluded by the intra-corporate conspiracy doctrine, *i.e.*, that "officers, agents and employees of a single corporate entity are legally incapable of conspiring together." *Hartline v. Gallo*, 546 F.3d 95, 99 n.3 (2d Cir. 2008); *see also Murphy v.*

*City of Stamford*, 634 F. App'x 804, 805 (2d Cir. 2015); *Herrmann v. Moore*, 576 F.2d 453, 459 (2d Cir. 1978).

### *State law claims*

In light of the dismissal of the federal law claims, I decline to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3); *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 117–18 (2d Cir. 2013).

## CONCLUSION

The Court GRANTS the motion to dismiss. Because the Court has previously given Moore an opportunity to re-plead the *Monell* claim and because any amendment to the remaining claims would be futile, the federal claims are dismissed with prejudice, but without prejudice to Moore's right to pursue relief on any state law claims in state court.

It is so ordered.

Dated at New Haven this 24th day of September 2018.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge