UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CHAUNCEY MOORE,
    *Plaintiff*,

v.

CITY OF NORWALK *et al.*,
    *Defendants*.

No. 3:17-cv-695 (JAM)

**ORDER GRANTING MOTION FOR RELIEF FROM JUDGMENT
FOR LIMITED PURPOSE OF CONDUCTING EVIDENTIARY HEARING**

On April 26, 2017, plaintiff Chauncey Moore filed a *pro se* complaint against the City of Norwalk and several "John Doe" police officers. The complaint alleged that on April 26, 2014, the defendant police officers unlawfully stopped Moore, beat him up, and forced him to have his stomach pumped in search of illegal drugs. Moore filed an amended complaint on November 21, 2017, naming specific Norwalk police officer defendants in place of his prior identification of "John Doe" defendants.

On September 24, 2018, I granted the defendants' motion to dismiss the complaint. *See* Doc. #63; *Moore v. City of Norwalk*, 2018 WL 4568409 (D. Conn. 2018). As to the individual defendant police officers, I concluded that Moore's federal claims pursuant to 42 U.S.C. § 1983 were barred by the statute of limitations, because Moore had failed to properly name any of these individual defendants within the applicable three-year limitations period. *Id.* at *2-*3.[1] I rejected Moore's claim that the limitations period should be equitably tolled, because "[a]lthough Moore made efforts after he filed the initial complaint to learn the names of the police officer

---

[1] I also dismissed Moore's claim against the City of Norwalk for failure to allege facts that would allow for *Monell* liability against the City. *See Moore v. City of Norwalk*, 2018 WL 4568409, at *4. This aspect of my ruling has not been challenged by Moore's motion for relief from judgment.

1

defendants, nothing shows that Moore diligently tried to identify the 'John Doe' defendants before he filed his initial complaint, much less that the City of Norwalk or any of the individual defendant officers delayed or impeded his efforts to do so prior to the date that the three-year limitations period expired." *Id.* at 3.

On October 19, 2018, Moore filed a motion for relief from judgment. According to Moore, my prior ruling was mistaken, because in fact he repeatedly sought to learn the names of the defendant police officers in the several months prior to expiration of the statute of limitations. Although these facts were not called to the Court's attention by his counsel's prior briefing or at oral argument on the motion to dismiss, Moore alleges that he tried to bring these efforts to the Court's attention on August 2, 2018, when he filed a *pro se* motion to intervene (Doc. #59) stating in relevant part that he had written to the Norwalk Police Department in January, February, and March 2017 requesting police reports to identify the officers but that the police department delayed in producing the reports until July or August 2017—after the statute of limitations had expired. Moore argues that his efforts and the failure of the police department to timely respond should excuse his belated naming of the individual defendants. *See Byrd v. Abate*, 964 F. Supp. 140, 145-46 (S.D.N.Y. 1997) (allowing relation-back for claims against individual police officer defendants where plaintiff's counsel "requested [identification] information prior to the end of the limitations period, but Corporation Counsel did not comply until after the limitations period had run").

Defendants oppose Moore's motion. They argue in relevant part that Moore never made the information requests that he claims to have made in January, February, and March 2017. They support their argument with affidavits from town officials who have searched police department records and deny finding any record of these alleged requests.

Whether Moore in fact made the requests he claims is a question of fact that I cannot resolve on the limited record before me. Accordingly, I will GRANT Moore's motion to reopen the judgment (Doc. #65) for the limited purpose of holding an evidentiary hearing at **10:00AM on October 2, 2019,** to consider the issue of whether Moore made the information requests that he claims to have made in January, February, and March 2017.

At the evidentiary hearing, I will require the sworn testimony of Moore and the sworn testimony of any appropriate town officials. Counsel shall meet and confer in advance of the hearing with respect to any witnesses to be called or evidence to be introduced at the hearing and, no later than **September 27, 2019**, shall jointly file on the docket the list of witnesses each party will call and exhibits they will present. Documentary exhibits shall be filed on the docket attached to this joint list, in exhibit number order.

It is so ordered.

Dated at New Haven this 3d day of September 2019.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge