UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CHAUNCEY MOORE,
    *Plaintiff*,

v.

CITY OF NORWALK, *et al.*,
    *Defendants*.

No. 3:17-cv-695 (JAM)

**ORDER DISMISSING ACTION**

Plaintiff Chauncey Moore filed this civil rights action alleging that police officers from the City of Norwalk, Connecticut violated his constitutional rights when they unlawfully stopped him, beat him up, and then forced him to have his stomach pumped in search of illegal drugs. The lawsuit was filed on April 23, 2017, nearly three years after the alleged incident occurred on April 26, 2014. In addition to naming the City of Norwalk as a defendant, the complaint named only "John Doe" defendants without identifying any police officer defendant by name.

On September 24, 2018, I dismissed the action against the individual officers on the ground that Moore had failed to timely name any of the officers by their real name within the three-year statute of limitations period from the date that the action was filed. *See Moore v. Norwalk*, 2018 WL 4568409 (D. Conn. 2018). I declined to find that the statute of limitations could be equitably tolled, explaining that "[a] statute of limitations may be equitably tolled if a plaintiff shows that extraordinary circumstances prevented his filing of a timely complaint and that plaintiff pursued his rights with reasonable diligence throughout the time period that he seeks to have tolled." *Id.* at 3. I concluded that Moore could not meet this standard because, "[a]lthough Moore made efforts *after* he filed the initial complaint to learn the names of the police officer defendants, nothing shows that Moore diligently tried to identify the 'John Doe'

1

defendants *before* he filed his initial complaint, much less that the City of Norwalk or any of the individual defendant officers delayed or impeded his efforts to do so prior to the date that the three-year limitations period expired." *Ibid.*

Moore moved to alter the judgment on the ground that he had made information requests to the City of Norwalk for the officers' names in January, February, and March 2017. Doc. #65. On September 3, 2019, I granted the motion to reopen the judgment for the limited purpose of holding an evidentiary hearing to consider whether Moore had made the information requests that he claims to have made prior to the date that the statute of limitations expired. Doc. #69; *Upadhyay v. Sethi*, 848 F. Supp. 2d 439, 446-47 (S.D.N.Y. 2012) (court rather than jury may determine fact issues with respect to equitable tolling where such fact issues do not overlap with fact issues necessary for jury to resolve merits of claim).

Following multiple continuances, I conducted an evidentiary hearing on October 23, 2020. I heard testimony from Moore as well as from Iliana Navarro (the former Records Division Clerk for the City of Norwalk) and from Lt. Bruce Hume (the former head of the Professional Standards Unit of the Norwalk police department).

Moore testified that while serving time in prison he had written request letters to the Norwalk police department in January, February, and March 2017. He stated that he did not have copies of these letters because they had been taken from him when he had been transferred to different prisons.

Navarro testified that Norwalk had no record of receiving any letter or other information request from Moore prior to May 2017. She testified that it was the practice of the Norwalk police department to direct requests for documents to her, and she testified that the only request letter received from Moore arrived in May 2017. Her testimony was circumstantially

corroborated by Norwalk records showing that she kept a careful log of requests, by a copy of the only letter received from Moore dated May 21, 2017, and by additional Norwalk records reflecting negative search results in response to queries for prior communications from Moore. Doc. #108 at 3-25 (Exs. A-F). Lt. Hume similarly testified that he was not aware of any request in January, February, and March 2017 as Moore claimed.

Having considered all of the evidence, I credit the testimony and exhibits from Navarro and Hume over the testimony of Moore. In addition to my finding that Navarro and Hume were more credible than Moore, I note that Moore's request letter of May 2017 makes no reference to any prior unfulfilled request as one would expect it to have done if Moore had made prior requests that had not been answered. Doc. #108 at 4. I also note that Moore admitted on cross examination that he did not make a timely inquiry of his criminal defense attorney for the names of the relevant police officers as he could have done if he had wished to obtain the officer names prior to the expiration of the statute of limitations.

All in all, I conclude that Moore has failed to show as a matter of fact or law that he is entitled to equitable tolling. He has not shown that any extraordinary circumstances prevented his filing of a timely complaint against any of the individual police officer defendants and that he pursued his rights with reasonable diligence throughout the time period that he seeks to have tolled.

The Court reinstates the prior judgment that has been separately entered on the docket (Doc. #64), and the Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven this 26th day of October 2020.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge